Mr. Justice Thacker
delivered the opinion of the court.
This was a motion by the coroner for instructions how to appropriate a sum of money which came to his hands by a sale of real estate under a venditioni exponas. The two judgments were of even date, the 30th day of April, 1838. One was entered upon the judgment-roll of the circuit court on the 3d day of June, 1844, upon which no execution issued. The other was entered upon the judgment-roll on the 16th day of June, 1844, and execution issued, by virtue of which the sale took place, and the money levied.
The inquiry is, as to the effect of the act of 1844, ch. 8, approved February 24th, 1844, entitled “an act to amend an act entitled an act to regulate the liens of judgments and decrees, approved 16th February, 1841, and for other purposes.”
The 6th section of this act provides that any judgments or decrees theretofore rendered or thereafter to be rendered, shall cease to operate as liens upon property until the same shall be entered on the “judgment roll,” and the lien shall be from such enrolment, instead of from the rendition of the judgments or decrees.
*466 But the 14th section of the same act provides that the act shall not operate upon judgments and decrees theretofore rendered, until after the first day of July, 1844, nor upon those thereafter rendered, until sixty days after its approval.
Our interpretation of this act is, that all judgments and decrees rendered before the approval of the act, if enrolled at any time on or before the first day of July, 1844, retain the order of priority which appertained to them before its approval, and that they do not derive a priority from an earlier date of enrolment previously to the first day of July, 1844; and that the same principle controls, in judgments and decrees rendered within sixty days after the approval of the act.
The judgment of the circuit court, appropriating the money first to the satisfaction of that judgment upon which execution and venditioni exponas issued, was correct.
Judgment aifirmed.